Leland K. Faux, Esq.
Idaho Bar No. 10246
LELAND FAUX, ESQ. PLLC
490 Park Ave, Ste 10
Idaho Falls, Idaho 83402
T: (208) 497-2214
F: (208) 261-5015
Leland@LelandFaux.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YUSUF OMAR,<br><br>　　　　　Plaintiff,<br>vs.<br><br>IDAHO DINER, LCC dba DIXIE'S DINER, an Idaho limited liability company; THOMAS HERSCH, an individual; ADM, LLC, an Idaho limited liability company; DOES I-X, inclusive;<br><br>　　　　　Defendants. | Case No.: 4:19-cv-0004<br><br>**COMPLAINT** |

Plaintiff Yusuf Omar complains and alleges as follows:

### I.　　INTRODUCTION

1.　　Defendants are employers within the meaning of the federal Fair Labor Standards Act ("FLSA") and operate and manage a restaurant. Defendants have elected to apply a tip credit for wait staff, including Mr. Omar—meaning that they pay an amount less than the minimum wage and credit the tips to make up the difference. However, Defendants have required tipped employees, including Mr. Omar, to participate in a tip pool in violation of the FLSA. This tip pool requires the tipped employees to contribute tips to non-tipped staff, i.e. cooks. Under these

COMPLAINT - 1

circumstances, it is unlawful for the Defendants to count a tip credit towards the minimum wage and the minimum wage must be paid to Mr. Omar.

2. In addition, Mr. Omar complained to management regarding the tip pooling policy and notified management that he disagreed with the policy. Because Mr. Omar questioned and challenged the tip pool policy, he was terminated from employment. This conduct gives rise to claims for retaliation/unlawful discharge.

## II. PARTIES

3. Plaintiff Yusuf Omar is a resident of Idaho and was employed as a server with Defendant Idaho Diner, LLC dba Dixie's Diner ("Dixie's Diner") until his termination.

4. Defendant Dixie's Diner is an Idaho limited liability company doing business in Bonneville County, Idaho and at all material times was an employer and enterprise in commerce within the meaning of the FLSA and had employees engaged in commerce.

5. Defendant Thomas Hersch is an individual residing in Bonneville County, Idaho and at all times relevant to this action was acting directly or indirectly in the interest of Dixie's Diner in relation to its employees.

6. Defendant ADM, LLC is an Idaho limited liability company, is the manager of Dixie's Diner, and was at all times relevant to this action acting directly or indirectly in the interest of Dixie's Diner in relation to its employees.

7. The true names and capacities of Doe Defendants I through X, inclusive, ("Doe Defendants") are unknown to Mr. Omar who therefore sues said Doe Defendants by such fictitious names. Mr. Omar is informed and believes and thereon alleges that each of the Doe Defendants may be legally responsible in some manner for the events and happenings described in this

Complaint. Mr. Omar will seek leave of the Court to amend this Complaint to insert the true names and capacities of such Doe Defendants upon ascertaining the identity of such Doe Defendants.

### III. JURISDICTION AND VENUE

8. This case arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

9. Jurisdiction of this matter is granted to this court by U.S.C. §§ 1331 (federal question jurisdiction) and this court has supplemental jurisdiction over the related Idaho state law matters under 28 U.S.C. § 1367.

10. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in Bonneville County, Idaho, which is within the federal district.

### IV. GENERAL ALLEGATIONS

11. Dixie's Diner employs tipped employees to provide services to its patrons.

12. Dixie's Diner pays its tipped employees a reduced hourly wage of $3.35 and applies a tip credit to make up for the difference between the reduced wage and the minimum wage set by the FLSA.

13. Although the FLSA permits an employer to apply a tip credit while operating a tip pool, the employer may only do so if the participants in the tip pool are employees who customarily and regularly receive tips.

14. Dixie's Diner established a policy that required the customarily and regularly tipped staff to contribute tips to individuals employed as cooks. These cooks are not customarily and regularly tipped.

15. Under this policy, tipped employees were required to contribute from the tip pool one-percent of gross sales to the cooks.

COMPLAINT - 3

16. Based on information and belief, Dixie's Diner implemented this policy and practice without first informing the tipped employees of the provisions of 29 U.S.C. § 203(m).

17. Based on information and belief, Defendants Thomas Hersch and ADM, LLC were directly or indirectly responsible for the creation and enforcement of this policy on behalf of Dixie's Diner.

18. It is unlawful for Dixie's Diner to apply the tip credit while operating an illegal tip pool and without first informing the tipped employees of the provisions of 29 U.S.C. § 203(m).

19. As a result of this unlawful conduct, Dixie's Diner has no right to apply the tip credit towards the minimum wage established by federal law and it must instead compensate its servers at the full minimum wage of $7.25 per hour without counting tips.

20. Mr. Omar began his employment as a server with Dixie's Diner in July 2018.

21. Mr. Omar, along with all server staff, was subject to the tip pooling policy described above.

22. Mr. Omar questioned Mr. Hersch regarding the tip pooling policy and informed Mr. Hersch that he disagreed with the policy.

23. On September 29, 2018, Mr. Omar asked in writing: "I'm doing my checkout, is it still 1 percent of sales for kitchen tipout?"

24. On October 8, 2018, Mr. Hersch responded, "Yes."

25. Mr. Omar then again questioned the policy: "Hi Tom, when I do my checkout tonight do I have to tip out the kitchen[?] I just don't feel its fair sometimes, I worked really hard last weekend."

26. On October 13, 2018, Mr. Hersch responded: "…if you don't want to tip the Cooks you don't work here anymore."

COMPLAINT - 4

27. Mr. Omar thereafter sought clarification: "Tom, I really do not agree with the policy, should I still come in this morning at 11?"

28. Mr. Hersch replied, "I guess not. I'll have you're [sic] final check tomorrow."

29. On that day, October 13, 2018, Mr. Hersch, acting on behalf of Dixie's Diner, terminated Mr. Omar and submitted a Verification of Termination of Employment to the Idaho Department of Health & Welfare confirming that Mr. Omar was terminated due to his "disagreement on policy."

30. Terminating Mr. Omar because he questioned and disagreed with a tip pooling policy is unlawful and retaliatory under Idaho and federal law.

31. During Mr. Omar's employment, he was not compensated in accordance with the federally mandated minimum wage.

32. The tips rightfully belonging to Mr. Omar were misappropriated by the Defendants through the illegal tip pooling policy and any such misappropriated funds should be returned to Mr. Omar.

## FIRST CAUSE OF ACTION
### Minimum Wage Claim – FLSA
### (Against All Defendants)

33. Plaintiff repeats and realleges the foregoing paragraphs as though set forth fully herein.

34. The Defendants have implemented a tip pooling policy in violation of the FLSA, including 29 U.S.C. § 203(m).

35. Plaintiff is entitled to recover his unpaid minimum wages together with liquidated damages.

COMPLAINT - 5

36. Plaintiff is further entitled to any appropriate equitable relief, including an injunction prohibiting Dixie's Diner from operating an illegal tip pool.

37. Plaintiff is also entitled to recover reasonable attorney's fees and costs in this action.

## SECOND CAUSE OF ACTION
### Retaliation/unlawful discharge – FLSA
### (Against All Defendants)

38. Mr. Omar repeats and realleges the foregoing paragraphs as though set forth fully herein.

39. Mr. Omar lodged a complaint with Thomas Hersch, who was acting on behalf of Dixie's Diner, regarding the tip pooling policy.

40. Dixie's Diner discharged Mr. Omar because of this complaint.

41. This discharge was in violation of the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3).

42. As a result, Mr. Omar is entitled to such legal or equitable relief as may be appropriate, including without limitation the payment of wages lost, an additional equal amount as liquidated damages, and compensatory damages.

43. Mr. Omar is also entitled to recover reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION
### Minimum Wage Claim – Idaho Code
### (Against All Defendants)

44. Mr. Omar repeats and realleges the foregoing paragraphs as though set forth fully herein.

45. The Defendants are each "employers" as defined by Idaho Code 44-1503.

46. Under Idaho Code 44-1502, the amount of minimum wage shall conform to, and track with, the federal minimum wage law.

47. The FLSA preempts the application of any state law which would eliminate or reduce rights granted by the FLSA.

48. Therefore, Idaho law cannot permit an employer to take a tip credit where the employer requires participation in a tip pool in violation of the FLSA.

49. The Defendants required Mr. Omar to participate in an illegal tip pool.

50. Mr. Omar is therefore entitled to enforce the Defendants' compliance with Idaho law and to recover three times the unpaid wages found due and owing, plus reasonable attorney's fees and costs.

### FOURTH CAUSE OF ACTION
### Retaliation/Unlawful Discharge – Idaho Code
### (Against All Defendants)

51. Mr. Omar repeats and realleges the foregoing paragraphs as though set forth fully herein.

52. Idaho Code 44-1509 and 45-613 prohibit employers from discharging or in any other manner discriminating against any employee because the employee has made complaint that he has not been paid wages in accordance with Idaho law.

53. Mr. Omar lodge a complaint with Defendants regarding Dixie's Diner's tip pooling practices.

54. The Defendants discharged Mr. Omar because he made this complaint.

55. The Defendants therefore unlawfully discharged Mr. Omar.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Omar prays for the following relief:

COMPLAINT - 7

1.	For judgment against the Defendants for wages owed to Mr. Omar;

2.	For damages as a result of the Defendants' retaliatory acts and his unlawful discharge in an amount to be determined at trial;

3.	For liquidated damages under the FLSA and/or treble damages under Idaho law;

4.	For an award of misappropriated tips.

5.	For an award of attorney's fees and costs;

6.	For such other and further relief as the Court deems just and equitable.

DATED: January 7, 2019

/s/ Leland K. Faux
Leland K. Faux, Esq.
Idaho Bar No. 10246
LELAND FAUX, ESQ. PLLC
*Attorney for Plaintiff*

COMPLAINT - 8